CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 17, 2026

LAURA A. AUSTIN, CLERK
BY:
   s/A. Beeson
   DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **LORENZO JONES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25CV00328 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN GILLY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Lorezno Jones, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for the Respondent.*

The petitioner, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP) alleged failure to reassess his Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score and custody level, as well as their alleged failure to apply earned First Step Act (FSA) time credits to his sentence.  The respondent has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The matter having been fully briefed by the parties, it is ripe for disposition and I conclude that the respondent's Motion must be granted based on Jones's failure to exhaust administrative remedies.[1]

---

[1] Pursuant to a Minute Order entered October 19, 2025, this case was stayed during the pendency of the government shutdown that occurred in the fall of 2025.  Min. Order,

## I.    BACKGROUND.

Following a federal sentence for felony firearm and drug possession charges in October 2017,[2] Jones was confined in the United States Penitentiary, Lee (USP Lee), a high-security prison in Pennington Gap, Virginia.  Jones asserts that since 2018, he has not had an updated PATTERN assessment or custody classification review, which has resulted in his continued confinement in a high-security prison. He further states that, despite participating in FSA program activities, he has not received applicable time credits to his sentence.

Not only does the respondent disagree on the merits, but he insists that the Petition must be dismissed based on Jones's failure to exhaust administrative remedies.  According to the respondent, the BOP's administrative remedy procedure involves the following three stages: "the filing of an informal complaint, the filing of a formal complaint, and two levels of appeal."  Mem. Supp. Mot. Dismiss 7, Dkt. No. 9.  Attached to the respondent's Memorandum in Support of the Motion to Dismiss, or in the alternative, for Summary Judgment is a Declaration of J. Osteen, a case manager at USP Lee.  The Osteen Declaration provides that, "[a] review of Petitioner's administrative remedy history . . . reveals that he has not filed any

---

Dkt. No. 20.  Given that the government is currently operational, the stay is no longer in effect, and consideration of the case is appropriate at this time.

[2] *See United States v. Jones*, 3:17-cr-00004-RGE-SBJ-1, Dkt. No. 47 (S.D. Iowa Oct. 19, 2017).

administrative remedies while incarcerated with the BOP." *Id.* Osteen Decl. at 2, Dkt. No. 9-1. In further support of this contention, the respondent attached a document titled "ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL," which indicates that "NO REMEDY DATA EXISTS FOR THIS INMATE." *Id.* Osteen Decl. Attach. D, Dkt. No. 9-5.

In response, Jones explained that, "yes the BOP has established an Administrative Remedy Program but when inmates ask for the forms we are told there is none or we may be looked at like we did or said something wrong. So I was done asking for forms and come to the courts for relief." Pet'r Resp. Mot. Dismiss 2, Dkt. No. 14.

## II.    DISCUSSION.

### A. Standard of Review.

According to Rule 12(d), if matters outside the pleadings are presented to and not excluded by the court, a Rule 12(b)(6) motion must be treated as one for summary judgment under Rule 56. Because I have considered documents submitted by the respondent that are extrinsic to the Petition, I will review the respondent's Motion under the summary judgment standard.

The standard for review on a motion for summary judgment is well-settled. The court should grant summary judgment only when the pleadings and the record reveal that "there is no genuine dispute as to any material fact and the movant is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Celotex Corp. v. Catrett ex re. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable party could return a verdict for the nonmoving party." *Id.* However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 255.

B. Exhaustion of Administrative Remedies.

Before filing a § 2241 petition, an inmate must first exhaust available administrative remedies or show cause for his failure to do so. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matters); *see also McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. Feb. 6, 2004) (unpublished) (federal prisoner challenging disciplinary action must first exhaust administrative remedies prior to filing § 2241 petition). Importantly, in a § 2241 action, exhaustion of administrative remedies is jurisdictional. *See Timms*

*v. Johns*, 627 F.3d 525, 533 (4th Cir. 2010) (determining that where a petitioner failed to exhaust administrative remedies, "the district court should have refrained from exercising jurisdiction" over the § 2241 habeas petition).

Exhaustion of administrative remedies may be "excused upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445. However, mere conclusory statements, "which are not substantiated with some evidence are not enough to evade the exhaustion requirement." *Woods v. Warden*, No. 7:17cv00358, 2019 WL 489135 at *2 (W.D. Va. Feb. 7, 2019).

Here, the respondent has clearly demonstrated that Jones failed to exhaust his administrative remedies before filing this action, as evidenced by the Osteen Declaration and the attached Administrative Remedy Generalized Retrieval. Indeed, Jones concedes that he did not follow the administrative remedy program requirements. Even so, Jones may have been able to evade this exhaustion requirement had he shown cause and prejudice for his failure, but his conclusory statement that inmates generally are told that there are no forms or would be looked at like they did something wrong is insufficient without some specificity or support for such allegations. *See id.* at *2–3 (citing cases from multiple courts that have required at least some supporting evidence and "sufficiently specific reasons" that exhaustion would be futile); *see, e.g.*, *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (an

unsupported prediction of the BOP's behavior regarding the exhaustion process does not excuse lack of exhaustion) (citing *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) ("Allowing a petitioner to avoid the administrative process based on a mere conclusory assertion 'would allow the futility exception to swallow the exhaustion.'") (internal citation omitted)). Accordingly, because the record reveals that Jones has failed to exhaust his administrative remedies and he has not shown cause for such failure to be excused, the court lacks jurisdiction to consider the merits of the Petition.

III.    CONCLUSION.

For the reasons stated, the respondent's Motion, Dkt. No. 8, will be granted, and Jones's Petition for Writ of Habeas Corpus, Dkt. No. 1, will be dismissed.

A separate judgment will be entered herewith.

ENTER: March 17, 2026

/s/ JAMES P. JONES
Senior United States District Judge